# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

**ROBERT FORRAS, ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                                      **NO: 17-282**

**OLD REPUBLIC INSURANCE**                                      **SECTION "H"**
**COMPANY, ET AL.**

## ORDER AND REASONS

Before the Court is Plaintiffs' Partial Motion for Summary Judgment (Doc. 55). Defendants do not oppose the Motion.

In their Motion, Plaintiffs seek summary judgment on the following issues: (1) that Gregory A. Joiner's negligence was the sole legal cause of the vehicle crash at the heart of this suit; (2) that Joiner was acting in the course and scope of employment of Defendant Ports Petroleum Company when the crash occurred; (3) that Defendant Ports Petroleum is thus vicariously liable for Joiner's negligence; and (4) that Defendants Old Republic Insurance Company and Lexington Insurance Company were insurers of Defendant Ports Petroleum at the time of the crash, and that they are liable up to their relative policy limits for damages caused by Joiner's negligence.[1]

---

[1] *See* Doc. 55.

On November 27, 2018, the parties stipulated that Joiner was the sole legal cause of the vehicle crash at issue; that he was acting in the course and scope of employment of Defendant Ports Petroleum, and that Ports Petroleum is vicariously liable for Joiner's negligence; that Ports Petroleum had a $1 million liability insurance policy with Old Republic at the time of the crash; and that Ports Petroleum had a $10 million umbrella insurance policy with Lexington at the time of the crash.[2] The Defendants, therefore, stipulated to each of Plaintiffs' requests.[3] Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED**.

New Orleans, Louisiana this 28th day of November, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See* Doc. 86. Defendants in the Stipulation reserve all rights to contest medical causation and damages. *See id.*

[3] To the extent Defendants did not stipulate that Old Republic and Lexington are liable for damages to Plaintiffs up to the limits of their insurance policies with Ports Petroleum, at least as provided for in those policies, this Court finds that Plaintiffs are entitled to summary judgment on this issue. Defendants Old Republic and Lexington stipulated that they insured Ports Petroleum at the time of the crash. Doc. 86. Plaintiffs attached to their Motion documents showing proof of the policies. *See* Docs. 55-9, 55-10. Thus, to the extent those policies cover damages suffered by Plaintiffs, Defendants Old Republic and Lexington are liable for those damages.